NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JIMING WAN, | No. 20-70637 |
| Petitioner, | Agency No. A208-825-692 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2021**
Pasadena, California

Before: BERZON and BYBEE, Circuit Judges, and CARDONE,*** District Judge.

Petitioner Jiming Wan, a native and citizen of China, petitions for review of

an order entered by the Board of Immigration Appeals ("BIA") affirming an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

immigration judge's ("IJ") denial of her application for asylum and withholding of removal under the Immigration and Nationality Act, and for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the agency's adverse credibility determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1039–42 (9th Cir. 2010). Petitioner admits that she intentionally misrepresented her employment on three separate visa applications, as well as misrepresenting her income on her December 2010 visa application. She also stated in her 2014 visa application that she planned to travel with a tour group, when in fact she deviated from the tour to visit her U.S. citizen sister. Although her sister was the person who told her she could apply for asylum in the United States, Petitioner failed to mention her sister in her original asylum application, instead stating that she had only one brother, who was living in China. Under the REAL ID Act, deliberate deception "always counts as substantial evidence supporting an adverse credibility finding," even if the truth "turn[s] out to be irrelevant." *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011). And the exception to that rule does not apply here because Petitioner was not "a genuine refugee escaping persecution" at the time she made the misrepresentations on her visa applications. *See id.* (quoting *Akinmade v. INS,* 196 F.3d 951, 955 (9th Cir. 1999)).

Substantial evidence also supports the agency's finding that Petitioner's story was inherently implausible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). She claimed that she left China seeking freedom to practice Christianity, yet she voluntarily moved from California, where she attended a Mandarin-speaking church, to a remote farm in Hawai'i, where she does not attend church. Petitioner could not explain how she otherwise practices her religion. *See Don v. Gonzales*, 476 F.3d 738, 743 (9th Cir. 2007) (holding that petitioner's behavior undermined his stated fear of persecution). Moreover, Petitioner's claim that she flew roundtrip between Hawai'i and Los Angeles for a second baptism was implausible given her alleged financial insecurity. Petitioner "was given an opportunity to explain the[se] inconsistencies and implausibilities," but her explanations "were unconvincing." *See Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir.) (citation omitted), *cert. denied*, 141 S. Ct. 664 (2020). Far from being speculative, then, the agency's reasoning was amply supported by the record. *See Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015) (citations omitted).

Because substantial evidence thus supports the adverse credibility determination, the Court "must give no weight to [Petitioner's] testimony." *Huang v. Holder*, 744 F.3d 1149, 1156 (9th Cir. 2014). And without that testimony, "the remaining evidence in the record is insufficient to carry her burden

3

of establishing eligibility for relief." *Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).[1]

The petition for review is **DENIED.**

---

[1] Petitioner's argument that the IJ did not adequately consider certain corroborating evidence was not sufficiently raised before the BIA, so we lack jurisdiction to review it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Similarly, because Petitioner does not independently challenge the denial of CAT protection, she has waived any such claim. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018).